UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASSOCIATION OF AMERICAN MEDICAL COLLEGES, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 25-CV-10340-AK |
| NATIONAL INSTITUTES OF HEALTH, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER TO SHOW CAUSE**

**ANGEL KELLEY, D.J.**

On Friday, February 7, 2025, the Office of the Director for the National Institutes of Health ("NIH") issued Notice Number NOTOD- 25-068, Supplemental Guidance to the 2024 NIH Grants Policy Statement: Indirect Cost Rates (the "Rate Change Notice"). The Rate Change Notice standardizes indirect cost rates—funds that cover essential research infrastructure and support services—at 15 percent across all institutions. This allegedly marks a departure from the current process whereby rates are individually negotiated with institutions. This 15 percent cap applies to both new and existing NIH grant awards. The Rate Change Notice became effective on February 10, 2025—just one business day after it was issued.

On February 10, 2025, the attorneys general for 22 states ("Plaintiff States") challenged the Rate Change Notice and filed suit against the NIH, the NIH's Acting Director, the U.S. Department of Health and Human Services ("HHS"), and the Acting Secretary of the HHS (together, the "Defendants") to bar the Rate Change Notice's implementation. [See Dkt. 1],

1

Commonwealth of Massachusetts, et al v. National Institutes of Health, et al, No. 25-CV-10338 (D. Mass. Feb. 10, 2025).  The Plaintiff States allege, among other things, that: the Rate Change Notice violates the Administrative Procedure Act (APA); NIH's action would result in layoffs, research disruptions and laboratory closures; and the Rate Change Notice violates a Congressional directive barring the NIH from making rate changes without proper authorization. The Plaintiff States further allege that the Defendants have exceeded their authority by applying the Rate Change Notice retroactively to existing federal grants, and by adopting the policy without following mandatory rulemaking procedures.  [See id.].  The Plaintiff States represented that the effects of the Rate Change Notice will be immediate and devastating because  "grant recipients across the country have already budgeted for (and incurred obligations based on) the specific indirect cost rates that had been negotiated and formalized with the federal government through the designated statutory and regulatory legal process."  The Plaintiff States also filed an Ex Parte Emergency Motion for Temporary Restraining Order ("TRO") seeking to enjoin the Defendants from implementing the Rate Change Notice for institutions within the Plaintiff States.  Commonwealth; [Dkt. 4].

The Plaintiff States' case was randomly assigned to the undersigned through this District's general case-assignment procedure the same day.  Commonwealth; [Dkt. 7].  This Court issued a TRO on the same day, preventing the Defendants from implementing the Rate Change Notice in the Plaintiff States pending a hearing on February 21, 2025.  Commonwealth; [Dkt. 25 (the "Court's First Order")].  This Court also ordered the Defendants to submit bi-weekly compliance reports.  [Id.].  The Defendants have until Friday, February 14, 2025, to file an opposition to the Plaintiff States' motion.

Later that same day, the plaintiffs in the instant action ("Plaintiff Medical Organizations") filed the above-captioned lawsuit against the same group of defendants challenging the same Rate Change Notice. [See Dkt. 1]; Association of American Medical Colleges et al v. National Institutes of Health et al, No. 25-cv-10340 (D. Mass. Feb. 10, 2025) (hereinafter "AAMC"). Plaintiff Medical Organizations argue that the Rate Change Notice is contrary to existing regulations, exceeds the statutory authority vested in the NIH and HHS, is arbitrary and capricious, was adopted in violation of the Due Process Clause of the U.S. Constitution, and violates both the statutory and constitutional prohibitions on retroactivity. See AAMC; [Dkt. 1]. On the Civil Cover Sheet accompanying their Complaint, the Plaintiff Medical Organizations marked their lawsuit as "related" to the Commonwealth case. AAMC; [Dkt. 1-1]. By way of explanation, the Plaintiff Medical Organizations noted that there was a prior action between the same parties based on the same claims. AAMC; [Dkt. 1-2]. As a result, the Clerk's Office assigned the above-captioned matter directly to the undersigned. AAMC' [Dkt. 6].

Plaintiff Medical Organizations also filed an Emergency Motion for a TRO seeking to extend the Court's First Order to prohibit enforcement of the Rate Change Notice with respect to institutions nationwide. AAMC; [Dkt. 5]. Due to the time-sensitive nature of the matter and to avoid irreparable harm, this Court issued a TRO on the same day extending the prohibition preventing the Defendants from implementing the Rate Change Notice nationwide. AAMC; [Dkt. 8].

The Local Rules governing practice in this District, as amended September 8, 2020, and in effect since then, provide in relevant part:

> [A] civil case shall be deemed related to another civil case only if:
> (A) some or all of the parties are the same; and
> (B) one or more of the following similarities exist: i. the cases involve the same or substantially similar issues of fact; ii. the cases arise out of the same occurrence,

>    transaction or property; iii. the cases involve insurance coverage for the same property, transaction or occurrence.
>
> \*        \*        \*
>
> Civil cases, even when they involve some or all of the same parties, shall not be deemed related to each other solely on the ground that they:
>    (A) involve the same or substantially similar challenges to a law, regulation, or government policy or practice;
>    (B) otherwise involve a common question of law.

L.R., D. Mass. 40.1(g)(1), (3).

Plaintiff Medical Organizations' case appears to share the same Defendants and one or more common questions of law with the Commonwealth case. Plaintiff Medical Organizations shall show cause by **Thursday, February 13, 2025** at **12:00 PM EST** why this case should not be returned to the Clerk for random assignment for further proceedings. In the absence of a timely filing from Plaintiff Medical Organizations supporting the designation of relatedness within the meaning of Local Rule 40.1(g), the undersigned will direct the Clerk to randomly assign this case.[1] See L.R., D. Mass. 40.1(g)(8).

**SO ORDERED.**

Dated: February 11, 2025                            /s/ Angel Kelley
                                                    Hon. Angel Kelley
                                                    United States District Judge

---

[1] Such reassignment would result in the random assignment of this case to any one of my colleagues or myself, rather than direct assignment by virtue of relatedness.