UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN MEDICAL COLLEGES; THE AMERICAN ASSOCIATION OF COLLEGES OF PHARMACY; THE ASSOCIATION OF SCHOOLS AND PROGRAMS OF PUBLIC HEALTH; THE CONFERENCE OF BOSTON TEACHING HOSPITALS, INC.; and GREATER NEW YORK HOSPITAL ASSOCIATION.<br><br>                          Plaintiffs,<br><br>           v.<br><br>NATIONAL INSTITUTES OF HEALTH; MATTHEW MEMOLI, M.D., M.S., in his official capacity as Acting Director of the National Institutes of Health; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOROTHY FINK, in her official capacity as Acting Secretary of the U.S. Department of Health and Human Services.<br><br>                          Defendants. | Civil Action No. 25-cv-10340-AK |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

This case is related to *Commonwealth of Massachusetts. et al v. National Institutes of Health et al.*, No. 25-cv-10338, within the meaning of Local Rule 40.1(g)(1). Because this case involves the same defendants and the same issues of fact arising from the practical effect of the same agency action on institutions in the same states, it should not be returned to the Clerk for random assignment and the Court's Order to Show Cause should be discharged. Also Counsel for Defendants has authorized Plaintiffs to represent that Defendants do not oppose continuing to treat these cases as related.

150440855_4

Under Local Rule 40.1(g)(1), civil cases "shall be deemed related to one another" if (A) "some or all of the parties are the same," and (B) the cases "involve the same or substantially similar issues of fact" or "arise out of the same occurrence, transaction, or property." Both criteria are satisfied here. As the Court acknowledged in its show-cause order, the first criterion is satisfied because the named defendants in this case are the same here as in the *Commonwealth of Massachusetts* case. *See* ECF No. 13 at 4. As explained below, the second criterion is also satisfied because the cases involve not only "common questions of law" or the "same or substantially similar challenges to a law, regulation, or government policy or practice," L.R. 40.1(g)(3), but they also involve "substantially similar issues of fact," L.R. 40.1(g)(1)(B), creating the risk of inconsistent factual determinations and judgments should the cases not be deemed related.

Plaintiffs in both actions challenge the Supplemental Guidance to the 2024 NIH Grants Policy Statement: Indirect Cost Rates (the Rate Change Notice) issued by the Office of the Director of the National Institutes of Health (NIH) on February 7, 2025. The Rate Change Notice purports to impose a "standard indirect rate of 15% across all NIH grants" instead of an institution's higher negotiated rate. Both the plaintiffs in the *Commonwealth of Massachusetts* case (twenty-two states) and the instant plaintiffs (medical associations whose members include NIH-grant-recipients who conduct research in every one of those same twenty-two states) allege that they will be harmed by the exact same factual consequences of the Rate Change Notice and in a similar manner.[1]

---

[1] Evidencing this substantial overlap in plaintiffs, the following is a list of Association of American Medical College Members who provided declarations in support of the relief sought by the Plaintiffs in the *Commonwealth of Massachusetts* case: State University of New York; University of California; Colorado Anschutz Medical Campus; Yale University; University of Connecticut; Yale University; Southern Illinois University; University of Illinois; University of Massachusetts; University of Maryland, Baltimore; University of Michigan; Michigan State University; Wayne State University; Rutgers (State University of New Jersey); University of New Mexico; Oregon Health and Science University; Brown University; University of Washington; Washington State University; Care New England Health System; and Lifespan Corporation d/b/a Brown University Health.

The plaintiffs in the *Commonwealth of Massachusetts* case allege that, because research institutions that receive NIH funding to perform their research in those plaintiff states "have already budgeted for (and incurred obligations based on) the specific indirect cost rates that had been negotiated and formalized with the federal government through the designated statutory and regulatory legal process," Defendants' sudden change to the preexisting regulatory framework will result in "layoffs, suspension of clinical trials, disruption of ongoing research programs, and laboratory closures" in the plaintiff states, which will "have a long-lasting impact on [the nation's] research capabilities and its ability to provide life-saving breakthroughs in scientific research." Compl. ¶ 8, No. 25-cv-10338 (ECF No. 1). Plaintiffs in the instant action similarly allege that their members had reliance interests in their negotiated rates with NIH and that the Rate Change Notice will injure them because, "[w]ithout the funding to adequately support the facilities and infrastructure to conduct research and the personnel and offices that ensure the safety of human subjects and animals used in research, compliance with federal regulations, laboratory maintenance, and data storage and processing, institutions would be forced to stop some research activities," meaning "fewer clinical trials, less fundamental discovery research, and slower progress in delivering lifesaving advances to the patients and families that do not have time for delay." Compl. ¶ 45 (ECF No. 1).

As these allegations show, the cases "involve the same or substantially similar issues of fact," as they require a factfinder to resolve nearly identical questions concerning the devastating impact of the Rate Change Notice on clinical research activity throughout the country. *Cf. Conservation Law Found., Inc. v. Mass. Water Res. Auth.*, No. 1:22-cv-10626, 2023 WL 1111135, at *2 (D. Mass. Jan. 30, 2023) (Kelley, J.) (deeming related two cases concerning "the same authority['s]" regulatory "compliance" at the "same treatment plant").

Moreover, because the instant plaintiffs' member institutions reside in all of the twenty-two states that are plaintiffs in the *Commonwealth of Massachusetts* case, failing to deem these cases related would subject both Defendants and some of the instant plaintiffs to the risk of inconsistent factual determinations—determinations that will affect injury-in-fact and standing, among other issues. Those inconsistent determinations could, in turn, subject the parties to conflicting court orders, further demonstrating that the two cases "involve the same or substantially similar issues of fact." *See New Jersey et al. v. Trump*, No. 25-cv-10139-LTS (ECF No. 71) (determining that cases were related under Local Rule 40.1(g)(1) where "random reassignment of this case poses a risk of different determinations as to the same factual issues, as well as a possible risk that Defendants might become subject to conflicting court orders regarding their treatment of Ms. Doe and members of the organizations that are also plaintiffs in the Doe case").

Yet the common factual issues do not end there. Because both the plaintiffs in the *Commonwealth of Massachusetts* case and the instant plaintiffs face the same irreparable harm from the Rate Change Notice—including nonrecoverable monetary damages—both sets of plaintiffs seek preliminary and permanent injunctive relief barring Defendants from taking any steps to implement the Rate Change Notice. *See* Compl., Prayer For Relief, No. 25-cv-10338 (ECF No. 1); Compl., Prayer For Relief (ECF No. 1); *see also* Plaintiffs' Joinder in the Attorney Generals' *Ex Parte* Emergency Motion For Temporary Restraining Order (ECF No. 5). In ruling on any request for injunctive relief, the Court will need to consider Defendants' interests in enforcing the Rate Change Notice and whether those purported interests outweigh the resulting harms to the plaintiffs and the public. *See Norris ex rel. A.M. v. Cape Elizabeth Sch. Dist.*, 969 F.3d 12, 22 (1st Cir. 2020) (preliminary injunction); *Esso Standard Oil Co. v. López-Freytes*, 522 F.3d 136, 148 (1st Cir. 2008) (permanent injunction). There will thus be substantial overlap in a court's factual considerations in

both cases: Defendants will presumably assert the same interests in implementing the Rate Change Notice in both cases, and the instant plaintiffs will argue that they suffered the same or similar negative impacts from the Rate Change Notice and those negative impacts demonstrate why an injunction is in the public interest.

In short, the plaintiffs in both cases do not merely challenge the same unlawful government action on similar legal grounds. Rather, they allege that they will suffer substantially similar harms from the same factual consequences of that action, and they seek identical equitable relief to redress those harms. Accordingly, this case and the *Commonwealth of Massachusetts* case are related under Local Rule 40.1(g)(1) and (3), the Order to Show Cause should be discharged, and this case should not be returned to the Clerk for random assignment.[2]

Respectfully submitted,

**ROPES & GRAY LLP**

*/s/ John P. Bueker*
John P. Bueker (BBO #636435)
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7951
John.bueker@ropesgray.com

Douglas Hallward-Driemeier (BBO #627643)
Stephanie A. Webster (*pro hac vice*)
Ropes & Gray, LLP
2009 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 508-4859
Douglas.hallward-driemeier@ropesgray.com
Stephanie.webster@ropesgray.com

*Counsel for Plaintiffs*

---

[2] For substantially similar reasons, this case is also related to *Association of American Universities v. Department if Health and Human Services*, C.A. No. 25-cv-10346-AK (D. Mass. Feb. 10, 2025). Again, the defendants overlap and the cases involve substantially similar issues of fact. Moreover, not treating the cases as related will lead to the same risk of inconsistent factual findings and judgments.

## CERTIFICATE OF SERVICE

    I hereby certify that this document will be served on all registered parties through the court's CM/ECF system.

                                          */s/ John P. Bueker*
                                          John P. Bueker

150440855_4