## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-10338 |
| NATIONAL INSTITUTES OF HEALTH, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| ASSOCIATION OF AMERICAN MEDICAL COLLEGES, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-10340 |
| NATIONAL INSTITUTES OF HEALTH, et al., | ) ) | |
| Defendants. | ) ) | |
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:25-cv-10346 |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ASSENTED-TO MOTION TO CONVERT ORDER ON PRELIMINARY INJUNCTION INTO ORDER ON PERMANENT INJUNCTION AND ENTER FINAL JUDGMENT

Defendants in the above-captioned cases respectfully request, with the assent of the Plaintiffs, that the Court convert its March 5, 2025, Memorandum and Order on Plaintiffs' Motion for Preliminary Injunction, *see Mass. v. NIH*, Doc. 105, into an order on a permanent injunction and enter final judgment, without prejudice to Defendants' right to appeal from that order and final judgment.[1]  No outstanding factual or legal issues remain for disposition by this Court; no party would suffer any prejudice; and entering a final judgment would facilitate prompt and efficient review by the United States Court of Appeals for the First Circuit on Defendants' appeal, which right they expressly reserve.  In support of this motion, and without any party waiving any argument on appeal, Defendants state as follows:

### BACKGROUND

1.      On February 10, 2025, three Plaintiff groups filed complaints seeking injunctive and declaratory relief, each alleging that Supplemental Guidance issued by the National Institutes of Health (Supplemental Guidance)[2] violates the Administrative Procedure Act (APA) because it exceeds statutory authority and is arbitrary and capricious.  Each Plaintiff group requested an *ex parte* temporary restraining order (TRO), two of which were granted, and the third was denied as moot after the Court issued a nationwide injunction in No. 1:25-cv-10340.

---

[1] Defendants have represented to Plaintiffs that, if this Motion is granted, Defendants will forego a bond or stay pending their appeal from the resulting order.
[2] *See* Supplemental Guidance to the 2024 National Institutes of Health ("NIH") Grants Policy Statement: Indirect Cost Rates (NOT-OD-25-068), available at https://grants.nih.gov/grants/guide/notice-files/NOT-OD-25-068.html (last visited March 20, 2025).

2.      On February 13, 2025, the Court directed Defendants to submit a single consolidated opposition to the pending TRO motions, to be filed in each case.  Defendants filed their opposition to Plaintiffs' TRO motions on February 14, 2025.  Plaintiffs filed their consolidated reply in support the TRO motions on February 18, 2025.

3.      On February 21, 2025, the Court held a hearing on the TRO motions.  At the hearing, the parties agreed that, with a full round of briefing prior to the hearing, the matter was in a preliminary injunction posture. *See* TRO Hearing Tr. at 23-24.  The Court found good cause to extend the TRO, pursuant to Fed. R. Civ. P. 65(b)(2), until it could decide whether to issue a preliminary injunction.  *Id.* at 24.  During the hearing, the Court also requested that the parties raise any disputed facts, aside from the parties' positions on irreparable harm.  The Court explained:

> THE COURT:  . . . As you present your legal arguments, aside from the parties' positions with regards to irreparable harm, please let [the Court] know if there are any disputed facts -- disputed facts surrounding the history, grant process, process for negotiating the indirect cost rates, timeline, and sequence of events leading up to February 10th when these three lawsuits were filed. So this applies to everyone if you think that there is a dispute in facts because there seems there's much agreement, but please highlight those for me.

*Id.* at 11.  No party identified any disputed facts at the hearing.

4.      On March 5, 2025, in a 76-page opinion, the Court granted Plaintiffs' motions for preliminary injunctive relief.  *See Mass. v. NIH*, Doc. 105.  In doing so, the Court rejected Defendants' contention that this Court lacks jurisdiction because, under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims is the only forum that may entertain Plaintiffs' claims.

After concluding that Plaintiffs had shown the four elements necessary to obtain a preliminary injunction, the Court enjoined "Defendants and their officers, employees, servants, agents, appointees, and successors … from taking any steps to implement, apply, or enforce the

Supplemental Guidance . . . in any form with respect to institutions nationwide until further order issued by this Court." *Id.* at 75-76.

**MOTION**

The Defendants ask the Court to convert its March 5, 2025, Memorandum and Order into an order granting a permanent injunction and enter a final judgment on the merits.  Under Federal Rule of Civil Procedure 65(a)(2), "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."  Fed. R. Civ. P. 65(a)(2).  "Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."  *Id.*  Consistent with Federal Rule 65(a)(2), a district court can "convert a preliminary injunction order into a permanent injunction order" and enter final judgment.  *Maine Republican Party v. Dunlap*, No. 1:18-CV-00179-JDL, 2018 WL 11183911, at *1 (D. Me. Aug. 3, 2018); *Fla. Retail Fed'n, Inc. v. Att'y Gen. of Fla.*, 576 F. Supp. 2d 1301, 1302–03 (N.D. Fla. 2008) (holding that entry of final judgment on parties' motion to convert preliminary injunction order "is, in effect, a consolidation of the merits with the preliminary injunction hearing, as expressly authorized by Federal Rule of Civil Procedure 65").  The Court should do so here for multiple reasons.

*First*, no additional facts need to be considered.  The NIH has presented the entirety of the record it relies upon as the basis for the agency action under review and the Court has considered it.  In the Court's Memorandum and Order, the Court issued its ruling regarding the Supplemental Guidance, and the declarations submitted by the parties.  The Defendants will submit no further record or evidentiary submissions, and no further record or evidentiary submissions are necessary.  *Cf. Crosspoint Church v. Makin*, No. 1:23-CV-00146-JAW, 2024

WL 2830931, at *4 (D. Me. June 4, 2024) (converting denial of preliminary injunction into denial of permanent injunction, reasoning "there are no material factual disputes" and "an evidentiary hearing is unnecessary").[3]

*Second*, no additional legal issues need to be considered. The four-element test for a preliminary injunction is the same as the test for a permanent injunction "except that the movant must show actual success on the merits of the claim, rather than a mere likelihood of success." *Id.* (citing *Caroline T. v. Hudson Sch. Dist.*, 915 F.2d 752, 755 (1st Cir. 1990)); *see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 34 (1st Cir. 2011). Without any need to consider additional facts, as noted above, the Court can reach a decision on the merits by "adopt[ing] and restat[ing] all of the legal conclusions contained in" the March 5, 2025, Memorandum and Order, and enter final judgment for Plaintiffs. *Crosspoint*, No. 1:23-CV-00146-JAW, 2024 WL 2830931, at *4.

*Finally*, this case presents dispositive legal issues that Defendants will address on appeal to the First Circuit, and entering judgment would serve judicial efficiency and avoid the unnecessary expenditure of party resources. *See* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). The Defendants therefore ask the Court to convert the March 5, 2025, Memorandum and Order into an order on a permanent

---

[3] Similarly, the Court needs no additional facts to decide whether it has jurisdiction to hear Plaintiffs' claims. In support of their jurisdictional argument, Defendants rely on language found in all NIH grant agreements at issue and, in their Opposition to Plaintiffs' TRO motions, refer to an exemplar grant agreement attached to a supporting declaration. *See Mass. v. NIH*, Doc. No. 74 at 8 and Doc. No. 74-1, Exh. B, Notice of Award. Plaintiffs' jurisdictional position relies on the allegations of statutory and regulatory violations in their complaints. *Mass. v. NIH*, Doc. No. 81 at 1-6. No evidentiary submissions or a hearing on this issue is necessary.

injunction and enter final judgment in this case, without prejudice to any argument that any party

may raise on appeal from the requested final judgment.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully ask the Court to grant this

Assented-to Motion.

Dated: April 4, 2025

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

BRIAN C. LEA
Deputy Associate Attorney General

 /s/ *Thomas W. Ports, Jr.*
MARC S. SACKS (Ga. Bar No. 621931)
*Deputy Director*
KEVIN P. VANLANDINGHAM (NY Reg No. 4741799)
*Assistant Director*
THOMAS PORTS (Va. Bar No. 84321)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044-0875
Tel: (202) 307-1134
Email: thomas.ports@usdoj.gov
*Attorneys for Defendants*

Assented to:

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: /s/ *Katherine Dirks*
Katherine Dirks (BBO # 673674)
*Chief State Trial Counsel*
Amanda Hainsworth (BBO # 684417)
*Senior Legal Advisor to the AG*
Allyson Slater (BBO # 704545)
*Deputy Chief, Reproductive Justice Unit*
Chris Pappavaselio
*Assistant Attorney General*
1 Ashburton Pl.
Boston, MA 02108
(617) 963.2277
katherine.dirks@mass.gov
*Counsel for the Commonwealth of*
*Massachusetts*


**DANA NESSEL**
Attorney General of Michigan

By: /s/ *Linus Banghart-Linn*
Linus Banghart-Linn*
Chief Legal Counsel
Michigan Department of Attorney
General
525 W. Ottawa St.
Lansing, MI 48933
(517) 281-6677
Banghart-LinnL@michigan.gov
*Attorneys for the People of the State of*
*Michigan*


*On behalf of the Plaintiffs in*
Case No. 1:25-cv-103338-AK

**KWAME RAOUL**
Attorney General of Illinois

By: /s/ *Alex Hemmer*
Alex Hemmer (*pro hac vice*)
Deputy Solicitor General
R. Sam Horan (*pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-5526
alex.hemmer@ilag.gov
*Counsel for the State of Illinois*

**JENNER & BLOCK LLP**

By: */s/ Lindsay C. Harrison*

Ishan K. Bhabha (*pro hac vice*)
Lindsay C. Harrison (*pro hac vice*)
Lauren J. Hartz (*pro hac vice*)
Elizabeth Henthorne (*pro hac vice*)
Zachary C. Schauf (*pro hac vice*)
Adam G. Unikowsky (*pro hac vice*)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel: (202) 639-6000
IBhabha@jenner.com
LHarrison@jenner.com
LHartz@jenner.com
BHenthorne@jenner.com
ZSchauf@jenner.com
AUnikowsky@jenner.com

Shoba Pillay, BBO No. 659739
353 N Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
SPillay@jenner.com

*Attorneys for All Plaintiffs in*
Case No. 1:25-cv-10346-AK

**CLEMENT & MURPHY, PLLC**

By: */s/ Paul D. Clement*

Paul D. Clement (*pro hac vice*)
Erin E. Murphy (*pro hac vice*)
James Y. Xi (*pro hac vice*)
Kyle R. Eiswald (*pro hac vice*)
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com
kyle.eiswald@clementmurphy.com

*Attorneys for Association of American Universities,*
*Association of Public and Land-grant Universities,*
*and American Council on Education in*
Case No. 1:25-cv-10346-AK

8

**ROPES & GRAY LLP**

*/s/ John P. Bueker*
John P. Bueker (BBO #636435)
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7951
John.bueker@ropesgray.com

Douglas H. Hallward-Driemeier
(BBO #627643)
Stephanie A. Webster (*pro hac vice*)
Ropes & Gray, LLP
2009 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 508-4859
Douglas.hallward-
driemeier@ropesgray.com
Stephanie.webster@ropesgray.com

*Counsel for Plaintiffs in*
Case No. 1:25-cv-10340-AK

**CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  April 4, 2025                                    */s/ Thomas W. Ports, Jr.*
                                                        Thomas W. Ports, Jr.